IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE A. CORTEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>APOSTOL, )<br>JEANNE CAMPANELLA, )<br>PON, and )<br>PENNY GEORGE )<br>)<br>Defendants. ) | Case No. 16−cv−1397−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jose A. Cortez, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff was transferred into Vienna Correctional Center on December 1, 2015. (Doc. 1, p. 5). He underwent a preliminary medical screening, at which time he requested a low bunk permit, a handicapped accessible toilet and shower, and a low gallery permit. *Id*. Plaintiff uses prosthetic heels and a walker, has limited range of motion in one knee, and suffers from impaired vision. *Id*. The nurse conducting the screening declined to consider Plaintiff's requests because only a doctor could approve those requests. *Id*. However, it took Plaintiff 23 days to get in to see Dr. Apostol. *Id*. Apostol denied Plaintiff's requests, despite the fact that Plaintiff complained of pain and suffering, and excessive risk of injury. *Id*. As a result of the denial, Plaintiff was forced to sleep on the concrete floor of his cell because it was painful to climb into the top bunk and he feared falling and suffering irreparable harm. *Id*. Plaintiff grieved this issue to Warden Campanella. *Id*. On March 11, 2016, Plaintiff fell trying to climb down from the top bunk, causing him serious injuries. (Doc. 1, p. 6). He was finally given a low bunk, low gallery permit 4 days later. *Id.*

Plaintiff has also been previously diagnosed as needing surgery by Dr. Garapatti of the orthopedic department of Stroger hospital in Chicago, Illinois. (Doc. 1, p. 5). Specifically,

Plaintiff had plates and pins placed in his leg due to a prior fracture and wants them removed. (Doc. 1-1, pp. 10-11). Plaintiff requested the surgery, only to be denied by Penny George, Apostol, and Dr. Pon. (Doc. 1, pp. 5-6).

Plaintiff alleges that Vienna lacks handicapped accessible toilets and showers. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Apostol and Campanella were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when they denied him low bunk, low gallery permits;
>
> **Count 2 –** George, Apostol, and Pon were deliberately indifferent to Plaintiff's serious medical need when they denied him surgery that a prior medical provider had found necessary.

Plaintiff has also attempted to bring other Counts, but for the reasons elucidated below, these claims do not survive threshold review.

> **Count 3 –** Vienna Correctional Center lacks handicapped toilets and showers in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).

In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which

3

involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Both Plaintiff's **Counts 1** and **2** survive threshold review at this time. In **Count 1**, Plaintiff has alleged that he suffered from limited mobility and chronic pain as a result of prior injuries. He has further alleged that these conditions justified certain medical permits, which were denied to him because the doctor and the warden were deliberately indifferent to his medical condition. Plaintiff has further alleged that he suffered pain as a result of the deliberate indifference, and actually fell while trying to climb up to his bunk. That is sufficient to state a claim against Apostol. Plaintiff also alleges that he grieved the relevant conduct to Campanella, which is sufficient to suggest plausible liability under *Perez v. Fenoglio*. 792 F.3d 768 (7th Cir. 2015).

**Count 2** also survives. Plaintiff has alleged that he needs a surgery and that Defendants Apostol, George, and Pon are deliberately indifferent to his need for surgery to remove hardware from a prior surgery. While this claim requires further factual development, at this stage, Plaintiff's allegations of deliberate indifference are plausible, and he will be able to proceed on **Count 2**.

However, **Count 3** must be dismissed without prejudice.  As an initial matter, Plaintiff has not associated a specific defendant with this claim, compounding the difficulty of analyzing it.  Employees of the Department of Corrections are not amenable to suit under the RA or ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012); *see Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir. 2004).

But more problematically, Plaintiff has not adequately pleaded an ADA claim at this time on a factual basis.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The Supreme Court has held that the ADA applies to prisons.  In *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), the Supreme Court held: "State prisons fall squarely within the statutory definition of 'public entity'. . . . The text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Id*. at 210.   The Court further held in *U.S. v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment.  A plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action.  *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010).

While Plaintiff has made a deliberate indifference claim based on his medical treatment, he had not adequately pleaded an Eighth Amendment conditions of confinement claim, which is where his claims that he was denied access to toilets and showers would fall.  *Jaros*, 684 F.3d at 670.  Showers and toilets are part of the "minimal civilized measure of life's necessities" that

must be afforded prisoners. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1982); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).  Plaintiff has not alleged that he was deprived of life's basic necessities.  In fact, other than a bare statement "Ih [sic] have not had handicap toilets, or showers during my incarceration here," Plaintiff provides no details about the alleged deprivation.  Plaintiff has not made any allegations about how many showers he was able to take versus non-disabled inmates.  He has not alleged any specific incidents where he was thwarted from using the toilet.  He has not alleged that he suffered any specific harm or injuries due to the alleged lack of handicapped accessible toilets and showers.  It is insufficient that the showers and toilets may have been more difficult for Plaintiff to use.  *Jaros*, 684 F.3d at 671.  In short, Plaintiff has not included a plausible allegation that he was denied access to a toilet or shower pursuant to the standards in *Iqbal* and *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Plaintiff has not sufficiently alleged that he suffered from unconstitutional conditions of confinement pursuant to the Eighth Amendment, and without an underlying constitutional claim, his ADA claim fails.

Likewise, to state a claim under the Rehabilitation Act, Plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability. *See* 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006); *Foley,* 359 F.3d at 928; *Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable accommodations is tantamount to denying access; although the Rehabilitation Act does not

expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Serv.,* 465 F.3d at 747; *see also Alexander v. Choate,* 469 U.S. 287, 300–01 (1985). Plaintiff must plead facts which plausibly (even if improbably) support each element of his claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Arnett v. Webster,* 658 F.3d 742, 751–52 (7th Cir. 2011). Although incarceration is not a program or activity, the meals and showers made available to inmates are. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012); *see also Cassidy v. Ind. Dep't of Corr.,* 199 F.3d 374, 375 (7th Cir. 2000); *Crawford v. Ind. Dep't of Corr.,* 115 F.3d 481, 483 (7th Cir. 1997).

Plaintiff has made a plausible allegation that he is a qualified individual with a disability. However, although Plaintiff has alleged that Vienna did not have handicapped accessible showers or toilets, since his Complaint lacks specifics, it is impossible for the Court to conclude that Plaintiff has made a plausible allegation that he was denied access to toilets or showers on the same basis as non-handicapped prisoners. For example, if despite the difficulty, Plaintiff was still able to shower the same number of times per week as he would have if he had not been disabled, he would not state a claim under the RA. For that reason, Plaintiff's claim under the RA will likewise be dismissed without prejudice, although Plaintiff may move to amend his complaint adding additional factual detail in support of Count 3, if he so desires.

## Pending Motions

Plaintiff's motion seeking recruitment of counsel will be referred to the magistrate judge assigned to this case.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 survive threshold review. Count 3 will be **DISMISSED without prejudice.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Apostol, Campenella, Pon, and George:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 7, 2017**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. Chief District Judge**